Harvey J. Cavayero & Associates
57 Old Country Road, Suite L
Westbury, NY 11590
Tel. No. (516) 478-5818
Fax No. (516) 478-5817
Email: *hcavayero@aol.com*
By: Harvey J. Cavayero

*Proposed Attorneys for the Debtor*
*and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                    Chapter 11

ZURICH ASSOCIATES, LTD.,                                  Case No.  1-11-40145

                                    Debtor.
-----------------------------------------------------------X

### AFFIDAVIT OF HARRY G. TERZAKIS PURSUANT TO
### RULE 1007-4 OF THE LOCAL BANKRUPTCY RULES

STATE OF NEW YORK    )
                                        ) ss.:
COUNTY OF NASSAU    )

    Harry G. Terezakis hereby affirms, under penalty of perjury, as follows:

    1.  I am the Chief Executive Officer and 100% equity owner of Zurich Associates, Ltd. (the "Debtor"), the debtor and debtor in possession.  I have personal knowledge of, and am familiar with, the business affairs of the Debtor.  With respect to the financial information set forth herein, I have relied on information from the Debtor's books and records, and with respect to pending legal matters; I have relied upon the advice and counsel of the Debtor's attorneys.

    2.  I submit this Affidavit pursuant to Rule 1007-4 of the E.D.N.Y. Local Bankruptcy Rules.  E.D.N.Y. LBR 1007-4.

3.   Unless otherwise indicated, the financial information set forth in this affidavit is unaudited and subject to revision.

### E.D.N.Y. LBR 1007-3(a)(i)

4.   The Debtor is not a small business debtor within the meaning of Bankruptcy Code section 101(51D).

### E.D.N.Y. LBR 1007-3(a)(ii)

5.   On January 10, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.   No trustee, examiner or committee of creditors has been appointed in this case.

7.   From the end of the first quarter of the year 2007 on, the residential real estate market in New York City, metropolitan and surrounding markets in the northeast declined severely and suffered substantially due to loss in market value of real properties This further resulted in a depressed market with properties being foreclosed in record numbers and/or selling at distressed values.

8.   The Debtor's ability to resell the remainder of its acquired Properties and repay the Notes to its independent individual lenders further depleted due to the overall fall in the economy, new banking requirements for buyers and decreased cash flow due to welfare regulations This downturn severely affected the Debtor's ability to make interest payments or repay the principal balances of the Notes becoming due from December 2009 through the current

year.

9. Without sales, the Debtor suffered tremendous cash flow problems and losses, causing it to be unable to service the loan payments in a timely manner. The Debtor has had to use the remainder of funds to continue to maintain the upkeep and repairs of the Properties and payment of real estate taxes. Based upon such depletion in available funds, the Debtor could not stay current with its interest and loan payments to its private lenders or payments to the Note holders, thus causing the Debtor to cease operating effectively on about December 31, 2009.

10. Although the Debtor has been able to negotiate and receive substantial concessions from its senior and secured mortgage lenders, the individual unsecured Note holders have begun making demands on the Notes and pursuing independent actions against the Debtor, its principal and the Properties.

11. In certain actions pending in Queens County Supreme Court, including (i) *Nicola Cavallo v. Harry G. Terezakis and Zurich Associates, Ltd.* *(Index No. 1512/10)*; and (ii) *Jaurel LaTouche, Sheila Audige, Garcia Montfleury, Emmanuel Joseph, Vladmir Monel, et al. v. Harry Terezakis and Zurich Associates, Ltd.* *(Index No. 15799/100)*, the Debtor has been prevented and temporarily restrained from selling the Properties, which would enable it to repay its creditors. These actions were brought on by certain individuals only to benefit themselves and not for the benefit of the Debtor or its creditors.

12. In trying to preserve the value of the Properties and make payments to creditors, the Debtor looked to the senior secured lender for re-financing of its existing mortgages on the Properties. Although the Debtor was unable to obtain such refinancing, in an

effort to aid the Debtor in preserving whatever equity it may have left in the Properties, the senior secured lender agreed to cover the costs of maintaining and repairing the Properties and has allowed the Debtor to remarket the Properties.

13. Unfortunately, due to the above actions, and other adverse actions commenced by certain other individual Note holders, the Properties have been significantly impaired and encumbered by the above restraints and judgment liens, preventing the Debtor from remarketing and reselling the Properties. Therefore, the Debtor has sought the protection needed under chapter 11 of the Bankruptcy Code to allow it to remove these restraints and sell the Properties at auction pursuant to §363 of the Bankruptcy Code <u>for the benefit of all of its creditors</u>.

14. The Debtor's chapter 11 filing was precipitated by, among other things, the inability to reach a settlement with the above parties prior to its obtaining refinancing or selling the Properties.

### **E.D.N.Y. LBR 1007-3(a)(iii)**

15. This case was not originally commenced as a chapter 7, chapter 12 or chapter 13 case.

### **E.D.N.Y. LBR 1007-3(a)(iv)**

16. To the best of my knowledge, no unofficial creditor or other committees were formed prior to the filing of the Debtor's chapter 11 case.

### **E.D.N.Y. LBR 1007-3(a)(v)**

17. A list containing the names, addresses and the amounts of the claims of the Debtor's twenty (20) largest known non-insider unsecured creditors will be separately filed

with the petition.

### E.D.N.Y. LBR 1007-3(a)(vi)

18.     A list containing the names and addresses of the Debtor's five (5) largest secured creditors, with amounts of each claim and a brief description and estimate of the value of the collateral securing each claim, indicating whether such claim is disputed, will be separately filed with the petition. The Debtor reserves its right to dispute the amount and/or secured status of these claims.

### E.D.N.Y. LBR 1007-3(a)(vii)

19.     The Debtor's assets consist primarily of the Properties which have a value of $5.5 Million.

### E.D.N.Y. LBR 1007-3(a)(viii)

20.     There are no classes of shares of stock, debentures, or other securities of the Debtor that are publicly held.

### E.D.N.Y. LBR 1007-3(a)(ix)

21.     None of the Debtor's property is in the possession or custody of any custodian.

### E.D.N.Y. LBR 1007-3(a)(x)

22.     The Debtor owns and operates its business from the real property located at located at 219-09 Jamaica Avenue, Queens Village, New York.

### E.D.N.Y. LBR 1007-3(a)(xi)

23.     The Debtor's books and records are located at the Debtor's offices at

219-09 Jamaica Avenue, Queens Village, New York. The Debtor's substantial assets are located at the same address. The Debtor has no assets located outside the territorial limits of the United States.

### E.D.N.Y. LBR 1007-3(a)(xii)

24. The pending litigation against the Debtor or its property where a judgment against the debtor or a seizure of its property includes <u>all of the actions listed in the Debtor's Statement of Finacial Affairs filed with the Debtor's chapter 11 petition.</u>

### E.D.N.Y. LBR 1007-3(a)(xiii)

25. The Debtor is a real estate holding company and has no employees. Harry G. Terezakis comprises the Debtor's existing senior management and he is responsible for acquiring and reselling the Properties, collecting rents from the Debtor's tenants and making payment of expenses.

### E.D.N.Y. LBR 1007-3(a)(xiv)

26. The Debtor has no employees.

### E.D.N.Y. LBR 1007-3(a)(xv)

27. The Debtor will not make any payments to any officers or directors during the thirty (30) day period following the commencement of these chapter 11 cases.

### E.D.N.Y. LBR 1007-3(a)(xvi)

28. The Debtor anticipated monthly receipts are rent from tenants in the sum of $12,000.00. The Debtor's estimated monthly expenses include adequate protection payments to its secured lender and real estate taxes.

- 7 -

**E.D.N.Y. LBR 1007-3(a)(xvii)**

29.     The Debtor's primary goal is to allow the orderly sale of the Properties through bankruptcy auction sales supervised by this Court, to satisfy the indebtedness owed to the senior secured lenders and allow the Debtor to make payments to its general unsecured creditors from the net proceeds of sale.  Additionally, the Debtor has been in discussions with new investors as well as purchaser's for the Debtor's business.

 

_____

Harry G. Terezakis

Sworn to before me this __ day
of January, 2011

_____

Notary Public