WESTERMAN BALL EDERER MILLER
  & SHARFSTEIN, LLP
1201 RXR Plaza
Uniondale, New York  11556
(516) 622-9200
Thomas A. Draghi, Esq.
Mickee Hennessy, Esq.

*Attorneys for the Official Committee of Unsecured Creditors*
*of Zurich Associates, Ltd., Debtor and Debtor in Possession*


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                                  Chapter 11

ZURICH ASSOCIATES, LTD.,

                                                  Case No.  11-40145-JBR

                    Debtor.
-------------------------------------------------------X

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF ZURICH ASSOCIATES, LTD. FOR AN ORDER (A) APPROVING THE
COMMITTEE'S DISCLOSURE STATEMENT; (B) APPROVING NOTICE
PROCEDURES; (C) SCHEDULING A HEARING ON CONFIRMATION OF
THE COMMITTEE'S PLAN OF LIQUIDATION; (D) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION
OF BALLOTS; AND (E) GRANTING RELATED RELIEF**

TO:    THE HONORABLE JOEL B. ROSENTHAL,
         UNITED STATES BANKRUPTCY JUDGE:

        The Official Committee of Unsecured Creditors (the "**Committee**") of Zurich Associates, Ltd., the above-captioned debtor and debtor in possession (the "**Debtor**"), in support of the Committee's motion for an order (A) approving the Committee's Disclosure Statement dated May 26, 2011 (as it may be modified, supplemented or amended, the "**Disclosure Statement**") with respect to the Committee's Plan of Liquidation dated May 26, 2011 (as it may be modified, supplemented or amended, the "**Plan**")[1]; (B) approving the Committee's proposed notice procedures; (C) scheduling a hearing to consider confirmation of the Plan; (D) establishing

---

[1]    Capitalized terms not otherwise defined have the meanings ascribed to them in the Plan.

procedures for solicitation and tabulation of ballots, and (E) granting related relief (the "**Motion**"), respectfully represents:

**Preliminary Statement**

1.  The Committee believes it has the consent and support of the Debtor and the Debtor's secured lenders to file and proceed towards confirmation of the Plan. The Committee's review of the facts and circumstances have culminated in the filing of the Committee's Plan and accompanying Disclosure Statement contemporaneously with the filing of this Motion.[2] As set forth on the record during a hearing before the Court on March 8, 2011, the Debtor previously consented to termination of its exclusive periods within which to file a plan and solicit acceptances thereto.

2.  As set forth more fully below, the Committee believes that its Disclosure Statement amply meets the requirements of 11 U.S.C. §1125. The Committee also requests approval of solicitation materials, including the proposed form of notice of confirmation hearing and form of ballot for acceptances or rejections of the Debtor's Plan.

**JURISDICTION**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief sought herein are Sections 102(1), 105, 502, 1125 and 1126 of Title 11 of the United States Code, as amended (the "**Bankruptcy Code**") and Rules 2002, 3003, 3017, 3018, 3020, 9006(e), 9007, and 9013 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[2] Copies of the Plan and Disclosure Statement are on file with the Court or may be obtained by contacting the Committee's undersigned counsel. In the event of any inconsistency between the terms of the Plan as described in this Motion, and the Plan itself, the terms of the Plan shall control.

## BACKGROUND

3. On January 10, 2011 (the "**Filing Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The Debtor owns seventeen (17) separate parcels of real property located in Brooklyn, Queens and Long Island, New York (each a "**Real Property**" and collectively, the "**Real Properties**"). Each Real Property, with the exception of one, is a residential home. For each Real Property, the Debtor is a mortgagor pursuant to a loan agreement with one or more secured lenders.

5. On January 19, 2010, the Debtor filed a motion for an order approving bidding procedures and schedule a date and time to hold an auction for the sale of the Debtor's real property (the "**Sale Motion**"). *See* Sale Motion [Docket No. 11].

6. On February 3, 2011, the United States Trustee appointed the Committee, pursuant to section 1102 of the Bankruptcy Code. The Sale Motion was objected to by the Committee and others. The Committee's proposed Plan resolves the issues and concerns raised by objections to the Sale Motion, while still accomplishing the goal of selling the Debtor's real properties.

7. According to the Debtor's pleadings in this case, the Debtor asserts that it is a real estate developer that develops, rents and/or sells both commercial and residential property, and currently owns the Real Properties. *Sale Motion* at ¶¶ 7, 10, 11. On information and belief, the Debtor obtained secured and unsecured loans based upon its representations concerning the Real Properties and intended returns therefrom. The Debtor appears to have paid debt service and

repaid certain loans from the proceeds of the sales of various real properties over time. Substantially all of the secured loans on the Debtor's Real Properties were obtained by any of the following lenders: Baron Associates, LLC, The Levites Organization, L Girls, LLC, Levites Family, LP, Barry H. Levites n/k/a The Estate of Barry Levites, Janice Levites, Andrea Leon and Harriet Blaiwas (collectively the "**Levites Secured Creditors**") and, with respect to the Real Property located at 79 Williams Street, Roosevelt, New York (the "**VNB Real Property**"), from VNB New York Corp. ("**VNB**" and, collectively with the Levites Secured Creditors, the "**Secured Creditors**").

8. Attached hereto as Exhibit A to the Committee's Plan is a list of the Real Properties, along with, for each particular Real Property, the secured lien(s) encumbering such Real Property, the name of the Secured Creditor and the amount encumbering such Real Property. As set forth on therein, one or more of the Levites Secured Creditors has a claim secured by a lien on all of the Real Properties except for the VNB Real Property (collectively, the "**Levites Real Property**").

9. On information and belief, the Debtor filed for bankruptcy protection as a result of its inability to purchase and sell real properties in amounts sufficient pay its indebtedness as it became due.

10. Generally, the Committee's Plan provides for, *inter alia*, (i) the auction sale of all of the Real Properties, subject to the rights of the Secured Creditors to credit bid at the auction; (ii) the appointment of an independent Plan Administrator to oversee the liquidation of the Debtor's property and to investigate any claims, including avoidance actions that the Debtor may have; (iii) the making of the plan contributions by the Secured Creditors; and (iv) distributions to the Debtor's creditors from any remaining unused amounts from the plan contributions together with any recoveries on any claims held by the Debtor, including avoidance action recoveries.

11. The Committee has conducted an investigation of the validity and priority of the claims and liens of Levites Secured Creditors and VNB, and has concluded that such liens are valid and enforceable (subject to any Real Property Taxes attributable to each particular Real Property). After negotiation with the Levites Secured Creditors and the Debtor, the Levites Secured Creditors have agreed to make a plan contribution in the amount of $140,000 under the Plan, to facilitate the expeditious sale of the Levites Real Property, confirmation of the Plan and to resolve any further involvement with them in the Debtor's case. Similarly, after negotiation, VNB has agreed to make a plan contribution in the amount of $12,500 under the Plan for similar reasons. Also, any amounts realized from the sale of each Real Property above the amounts of the Real Property Taxes, secured claims of the Secured Creditors and amounts payable to Real Estate Brokers will remain in the Post-confirmation Estate.

12. The Committee's Plan thus proposes to maximize recoveries in this case by providing for an auction sale of all of the Real Properties, subject to the rights of the secured lenders to credit bid at the auction, to be overseen and conducted by a disinterested, third-party Plan Administrator. The Committee believes that approval of the Disclosure Statement and confirmation of the Plan as soon as possible is in the best interests of the Debtor, its creditors and the estate.

**Relief Requested**

13. Section 1125 of the Bankruptcy Code requires a proponent of a Chapter 11 plan, as a condition to soliciting acceptances and rejections of such plan, to obtain the approval of a disclosure statement that contains "adequate information," namely, information of a type "as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records," to enable parties in interest, who are typical of the parties to be

solicited in connection with the plan, to "make an informed judgment about the plan." 11 U.S.C. § 1125(a)(l).

14. Thus, a disclosure statement must provide appropriate information, as determined by the unique facts and circumstances of each case, which is reasonably required to permit typical creditors and equity interest holders entitled to vote on the Chapter 11 plan, whose claims and interests are impaired under the plan, to make an informed judgment about how to vote on the plan. *See In re Copy Crafters Quickprint, Inc.,* 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties").

15. In examining the adequacy of the information contained in a disclosure statement, the Bankruptcy Court has broad discretion. *See Abel v. Shugrue (In re Ionosphere Clubs. lnc.*), 179 B.R. 24, 29 (S.D.N.Y. 1995); *In re Texas Extrusion Corp.,* 844 F.2d 1142, 1157 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (l988). *See also Dakota Rail*, 104 B.R. at 143 (court has "wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary and cumbersome detail").

16. Bankruptcy Courts consider a number of factors in evaluating whether to approve the adequacy of a disclosure statement, including, among others: (a) the circumstances that gave rise to the filing of the bankruptcy petition; (b) the financial condition and performance of the debtor while in Chapter 11; (c) information regarding claims against the debtor's estate; (d) a liquidation analysis identifying the estimated return that creditors would receive if the debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code; and (e) the anticipated future of the debtor. *See, e.g., In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

17. In the instant case, the Disclosure Statement contains information concerning all of the above factors, as well as other information that is relevant to this Debtor's particular case, based upon the Debtor's petition, schedules and pleadings filed in this case. The Committee submits that the information provided is sufficiently adequate to enable a hypothetical reasonable investor to make an informed decision on whether to vote in favor of the Plan.

18. The Disclosure Statement also delineates any releases that are to be included in the Plan which are consistent with Second Circuit precedent that permits third-party releases where, for example, the beneficiary of the releases has made a substantial financial contribution that was necessary to the Plan *See Metromedia Fiber Networks Inc. (In re Metromedia Fiber Network, Inc.*), 416 F.3d 136, 142-43 (2d Cir. 2005).

19. Accordingly, the Committee requests that the Court approve the Disclosure Statement as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code for purposes of permitting the Committee to commence soliciting acceptances and rejections of the Plan according to the schedule set forth herein.

**The Confirmation Hearing**

20. The Bankruptcy Court has the statutory authority to set a hearing on confirmation of the Plan pursuant to 11 U.S.C. § 105 and Rule 3017 of the Federal Rules.

21. Bankruptcy Rule 3017(c) provides as follows:

> Except as provided in Rule 3017.1, after a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on not less than 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bank. P. 3017(a). The Committee respectfully requests that the Court establish a hearing date for confirmation of the Plan that is approximately thirty-five (35) days from entry of an

order approving the Disclosure Statement, or such lesser period of time as may be agreed to by the Court, to permit the Committee sufficient time to copy solicitation materials and serve them upon the Creditors and Interest Holders, and to provide sufficient time for Creditors and Interest Holders to review the Disclosure Statement and Plan (the "**Confirmation Hearing Date**").

**Date for Filing Objections to Confirmation of the Plan**

22. Bankruptcy Rules 3017(a) and 3020(b) provide that objections to the approval of a disclosure statement and confirmation of a proposed plan, respectively, must be filed with the Bankruptcy Court and served on the debtor, the trustee, any committee appointed under the Bankruptcy Code and on any other entity specified by the Bankruptcy Court, within a time fixed by the Bankruptcy Court. To permit parties in interest and the Committee adequate time to respond to objections prior to the Hearing, the Committee proposes that a date be fixed by the Court as the last date for filing and serving written objections to confirmation of the Plan. The Committee proposes that any objection (including any supporting memoranda) must be in writing, served on the Notice Parties (as defined below), and filed with the Court, together with proof of service, such that they are received by such parties and the Court on or before 5:00 p.m. (prevailing Eastern Time) on the date that is not less than seven (7) business days prior to the Confirmation Hearing Date (the "**Objection Deadline**").

23. The Committee requests that the Court only consider timely filed written objections that state the name and address of the objecting party and the nature of the claim or interest of such party, provide a concise statement of any bases for such objection or proposed modification, including, if applicable: (i) the specific page number of the Plan to which the objection refers; (ii) the specific language proposed to be deleted, if a deletion is sought; (iii) a draft of the precise language that the objecting party proposes be added or substituted, if any; and (iv) the reasons and statutory or other authority therefor, and be filed, together with proof of

8

service, with the Court (with a copy to chambers of the Honorable Joel B. Rosenthal) and served so that they are received by the Notice Parties (defined below) no later than the Objection Deadline,

24. The Committee further requests the Court to direct that any objections to final approval of the Disclosure Statement and/or confirmation of the Plan be served, so that they are actually received by the Objection Deadline, on the following parties (the "**Notice Parties**"):

>Counsel to the Committee:
>
>Westerman Ball Ederer Miller & Sharfstein, LLP
>1201 RXR Plaza
>Uniondale, New York 11556
>Attn.: Thomas A. Draghi, Esq.
>Telephone: (516) 622-9200
>Facsimile: (516) 622-9212
>
>Counsel to the Debtor:
>
>Harvey Cavayero, Esq.
>Harvey J. Cavayero & Associates
>57 Old Country Road, 2nd Floor
>Westbury, New York 11590
>Telephone: (516) 478-5818
>Facsimile: (516) 478-5817
>
>Counsel to the Levites Secured Creditors:
>
>Moses & Singer LLP
>The Chrysler Building
>405 Lexington Avenue
>New York, New York 10174-1299
>Attn.: Mark N. Parry, Esq.
>Telephone: (212) 554-7800
>Facsimile: (212) 554-7700
>
>Counsel to VNB New York Corp.
>
>Jerold C. Feuerstein, Esq.
>Kriss & Feuerstein LLP
>360 Lexington Avenue
>New York, NY 10017
>Telephone: (212) 661-2900
>Facsimile: (212) 661-9397

Office of the United States Trustee:

Office of the United States Trustee
Eastern District of New York
271 Cadman Plaza East, Suite 4529
Brooklyn, NY 11201
Attn:   Jacqueline Frome, Esq.
Telephone:   (718) 422-4960
Facsimile:    (718) 422-4990

25. The filing and service of objections on the Notice Parties no later than the Objection Deadline will afford the Debtor, Levites and the Committee an opportunity prior to the Combined Hearing to consider, and, if appropriate, to seek to resolve objections, if any, to final approval of the Disclosure Statement and/or the confirmation of the Plan.

**Solicitation Packages and Procedures**

26. Bankruptcy Rule 3017(d) describes the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization, as follows:

> Upon approval of a disclosure statement - - except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders - - the debtor in possession, trustee, proponent of the plan, or clerk as the court orders, shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the plan or a court-approved summary of the plan;
>
> (2) the disclosure statement approved by the court;
>
> (3) notice of the time within which acceptances and rejections of such plan may be filed; and
>
> (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate

> Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

27. Provided the Court approves the Disclosure Statement as containing adequate information as required by Section 1125 of the Bankruptcy Code on June 13, 2011,[3] the Committee proposes to deliver or cause to be delivered solicitation packages by e-mail or first class mail, by no later than June 20, 2011 (the "Solicitation Date"), to all parties in interest, including the Debtor, the U.S. Trustee, the Levites Secured Creditors, VNB, all holders of equity interests in the Debtor, all persons who have filed proofs of claim in the Debtor's case, all persons who have requested special notice in the Debtor's case pursuant to Bankruptcy Rule 2002, the Internal Revenue Service, the Secretary of State of New York, the Securities and Exchange Commission, any entity that has filed with the Court a notice of transfer of a claim under Bankruptcy Rule 3001(e) on or prior to May 26, 2011, and all persons or entities listed in the Debtor's schedules, shall receive copies of the following documents:

(a) Notice of (I) Approval of Disclosure Statement; (II) Hearing on Confirmation of the Plan and Procedures for Objecting Thereto; (III) Procedures and Deadline for Voting on the Plan; and (IV) Granting Related Relief (the "**Notice of Hearing and. Procedures**"), substantially in the form annexed hereto as "Exhibit 2";

(b) The (i) Plan and (ii) Disclosure Statement;

(c) A ballot, substantially in the form annexed hereto as "Exhibit 3"; and

(d) Such other materials as the Court may direct.

28. The Committee submits that the foregoing procedures for providing notice of the confirmation hearing and related procedures constitute adequate notice of same and fall well within the procedures contemplated in Bankruptcy Rule 2002. The Committee submits that it

---

[3] Contemporaneously with the filing of this Motion, the Committee has filed a Motion seeking to Shorten Notice requesting, *inter alia*, that this Motion be heard on June 13, 2011.

has shown good cause for implementing the proposed notice and service procedures. The Committee further submits that such notice satisfies the requirements of Bankruptcy Rule 3017(d).

**Approval of Form of Ballot**

29. Bankruptcy Rule 3017(d) requires the mailing of a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Committee proposes to distribute to the creditors the form of ballot described above and annexed hereto as Exhibit 3. The form for the ballot is based on Official Form No. 14, but has been modified slightly to address the particular aspects of this Chapter 11 case as described above.

**Establishment of Voting Deadline for Receipt of Ballots**

30. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Committee anticipates commencing the solicitation period on or before June 20, 2011. Based on this schedule, the Committee proposes that in order to be counted as a vote to accept or reject the Plan, a ballot must be properly executed, completed and delivered by the creditor, by U.S. Mail, courier or overnight delivery by a nationally recognized carrier, to counsel for the Committee, Westerman Ball Ederer Miller & Sharfstein, LLP ("**Committee Counsel**"), so that such Ballot is actually received by Committee Counsel by no later than 5:00 p.m. (prevailing Eastern Time) on July 15, 2011 (the "**Voting Deadline**"), at the following address:

>Westerman Ball Ederer Miller & Sharfstein, LLP
>1201 RXR Plaza
>Uniondale, New York 11556
>Attn.: Thomas A. Draghi, Esq.

31. The Voting Deadline is at least 25 days after the proposed commencement of the solicitation period, and thus complies with Bankruptcy Rule 2002(b). This solicitation period should be a sufficient period within which creditors can make an informed decision to accept or reject the Plan.

**Approval of Procedures for Vote Tabulation**

32. Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

33. Furthermore, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

34. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Committee in any other context, including to object to any claims, the Committee proposes that each claim within a class of claims entitled to vote to accept or reject the Plan be temporarily allowed in an amount equal to the lesser of (x) the amount of such claim as set forth in the Schedules, (y) the amount of such claim as set forth in a timely filed proof of claim and Ballot, and (z) the amount fixed by order of the Court. The foregoing general procedure will be subject to the following exceptions:

(a) If a claim is deemed allowed in accordance with the Plan, such claim shall be allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b) If a claim is listed in the Schedules as contingent, unliquidated, or disputed and/or a proof of claim was not (i) filed by the bar date for the filing of proofs of claim against the Debtor established by the Court or (ii) deemed timely filed by an order

13

of the Court prior to the Voting Deadline, unless the Committee has consented in writing, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c); and

(c) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

35. The Committee believes that the foregoing proposed procedures provide for a fair and equitable voting process.

36. If any creditor seeks to challenge the allowance or disallowance of its claim for voting purposes in accordance with the above procedures, the Committee requests that the Court direct such creditor to serve on the Notice Parties and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan, which must be filed and served so that a hearing on such motion may occur not less than two (2) business days prior to the Hearing. The Committee further proposes, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's ballot should not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing.[4]

37. In tabulating the ballots, the following additional procedures shall be utilized: (a) any ballot that is properly completed, executed and timely returned to Committee Counsel but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan or a conditional acceptance of the Plan, shall be deemed a vote to accept the Plan; (b) if no votes to accept or reject the Plan are received with respect to a particular class, such class shall be deemed to have voted to accept the Plan; (c) if a creditor casts more than one

---

[4] This proposed procedure is consistent with Section 1126 of the Bankruptcy Code, which provides that a plan may be accepted or rejected by the holder of a claim allowed under Section 502 of the Bankruptcy Code. Section 502 of the Bankruptcy Code provides that a filed proof of claim is deemed allowed, "unless a party in interest objects." 11 U.S.C. § 502.

14

ballot voting the same claim before the Voting Deadline, the latest dated ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots, and if conflicting ballots arrive on the same date, the one accepting the Plan shall be counted; and (d) creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their votes within a particular class, thus, a ballot (or a group of ballots) within a particular class received from a single creditor that partially rejects and partially accepts the Plan shall be deemed to have been cast to accept the Plan.

38. Furthermore, except as otherwise provided, for purposes of determining whether the numerosity and claim amount requirements of Section 1126(c) of the Bankruptcy Code have been satisfied, the Committee will tabulate only those ballots cast by the Voting Deadline.

39. The Committee further proposes that the following ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (a) any ballot received after the Voting Deadline unless the Committee shall have granted in writing an extension of the Voting Deadline with respect to such ballot; (b) any ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (d) any ballot cast for a claim scheduled as unliquidated, contingent, or disputed for which no proof of claim was timely filed; (e) any unsigned ballot; and (f) any ballot transmitted to Committee Counsel by facsimile.

## Notice

40. Notice of this Motion is being provided to the Debtor, the U.S. Trustee, the Levites Secured Creditors, VNB, all holders of equity interests in the Debtor, all persons who have filed proofs of claim in the Debtor's case, all persons who have requested special notice in the Debtor's case pursuant to Rule 2002 of the Bankruptcy Rules, the Internal Revenue Service,

the Secretary of State of New York, the Securities and Exchange Commission, any entity that has filed with the Court a notice of transfer of a claim under Bankruptcy Rule 3001(e) on or prior to May 26, 2011, and all persons or entities listed in the Debtor's schedules. The Committee is also providing copies of the Plan and Disclosure Statement to parties entitled to receive same in accordance with Bankruptcy Rule 3017(a). The Committee submits that no other or further notice is necessary under the circumstances of this case.

## **No Prior Request**

41. No prior request for the relief requested in this Motion has been made by the Debtor to this Court or any other court.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests entry of an order substantially in the form annexed hereto as "Exhibit 1" granting the relief sought herein and such other and further relief as is just and proper.

Dated: May 26, 2011
Uniondale, New York

        WESTERMAN BALL EDERER MILLER
          & SHARFSTEIN, LLP

        By: */s/ Mickee M. Hennessy*
           Thomas A. Draghi, Esq.
           Mickee M. Hennessy, Esq.
        1201 RXR Plaza
        Uniondale, New York 11556
        Telephone:    (516) 622-9200
        Facsimile:     (516) 622-9212

        *Attorneys for the Official Committee*
         *of Unsecured Creditors*