**Exhibit 1 – Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X           Chapter 11
In re:
                                                                   Case No. 11-40145-JBR

ZURICH ASSOCIATES, LTD.,

                      Debtor.
-------------------------------------------------------X

**ORDER (A) APPROVING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCLOSURE STATEMENT, (B) SCHEDULING A HEARING ON CONFIRMATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PLAN OF LIQUIDATION AND APPROVING NOTICE PROCEDURES, (C) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF BALLOTS, AND (D) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Zurich Associates, Ltd. (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), having filed with this Court the Committee's Plan of Liquidation, dated May 26, 2011 (as such plan may be modified, supplemented or amended, the "Plan"), and Disclosure Statement in Connection with the Committee's Plan of Liquidation, dated May 26 2011 (as it may be modified, supplemented or amended, the "Disclosure Statement"); and upon the Committee's motion, dated May 26, 2011, seeking, *inter alia*, entry of an Order (A) Approving the Disclosure Statement, (B) Scheduling a Hearing on Confirmation of Debtor's Plan of Liquidation, (C) Establishing Procedures for Solicitation and Tabulation of Ballots, and (D) Granting Related Relief (the "Motion");[1] and after due deliberation and sufficient cause having been shown for the relief requested in the Motion,

IT IS HEREBY ORDERED that:

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

1. The Motion is granted.

I. <u>Approval of the Disclosure Statement</u>.

2. The Disclosure Statement, as the same may be amended or modified to incorporate immaterial modifications, fill in blanks and reflect any modifications that the Debtor determines to be appropriate and, which do not materially change the substantive disclosure provided by the document or materially affect any rights of a party in interest, is hereby approved as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code.

II. <u>Hearing on Confirmation of the Plan</u>.

3. This Court shall hold a hearing (the "<u>Confirmation Hearing</u>") to consider of the Plan on **[July 18, 2011** at **___ a.m./p.m.]** (prevailing Eastern Time), or as soon thereafter as counsel may be heard.

4. The date of [**July 11, 2011, at 5:00 p.m**.] (prevailing Eastern Time) is fixed as the date by which objections confirmation of the Plan must be filed. Such objections must be made in writing and be electronically filed with the Court in accordance with this order (with a courtesy copy delivered to the Chambers of the Honorable Joel B. Rosenthal, at the United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201 (the "<u>Court</u>") and served upon: (a) counsel for the Committee, Westerman Ball Ederer Miller & Sharfstein, LLP, 1201 RXR Plaza, Uniondale, New York 11556, Attn.: Thomas A. Draghi, Esq.; (b) counsel for the Debtor, Harvey J. Cavayero & Associates, 57 Old Country Road, 2nd Floor, Westbury, New York 11590, Attn.: Harvey J. Cavayero, Esq.; (c) counsel for the Levites Secured Creditors Moses & Singer LLP, The Chrysler Building, 405 Lexington Avenue, New York, New York 10174-1299, Attn.: Mark N. Parry, Esq.; (d) counsel for VNB New York Corp., Kriss & Feuerstein LLP, 360 Lexington Avenue. New York, New York 10017,

Attn: Jerold C. Feuerstein, Esq.; and (e) the Office of the United States Trustee, 271 Cadman Plaza East, Brooklyn, New York 11201, Attn.: Jacqueline Frome, Esq. (collectively, the "Notice Parties"), so that the Notice Parties actually receive such documents on or before 5:00 p.m. (prevailing Eastern Time) [**on July 11, 2011**.]

5. Objections, if any, to confirmation of the Plan must be timely filed and served, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must set forth, in writing, a concise statement of any bases for such objection.

6. Objections, if any, of parties with legal representation to confirmation of the Plan, or requests for proposed modification of any of those documents, shall be filed: (a) through the Court's electronic filing system (in accordance with General Order M-242 of the Bankruptcy Court), which may be accessed through the Internet at the Court's website: www.nyeb.uscourts.gov, using Netscape Navigator software version 3.0 or higher, and in portable document format (PDF) using Adobe software for conversion; or (b) if unable to file electronically, shall be submitted to the Clerk of the Court in PDF, Word, WordPerfect, or DOS text (ASCII) format on a diskette in an envelope with the case name, case number, type and title of the document, electronic docket number of the document to which the objection refers, and the file name on the outside of the envelope. An objection filed by a party with no legal representation shall comply with section (b) as set forth in this paragraph.

7. Objections to confirmation of the Plan, or requests for proposed modification of any of these documents, which do not comply with the foregoing, or which are not timely filed and served, will not be considered and shall be deemed waived and/or overruled.

III. Notice of Confirmation Hearing.

8. For all parties in interest, this Order shall constitute notice of the relief requested in the Motion and the Committee shall cause a copy of this Order to be served as part of the

Solicitation Package, as defined below.

9. Service of the Notice of Hearing and Procedures (defined below) upon the parties and in the time and manner set forth above and in the Motion shall be adequate and sufficient and no further notice, other than as set forth below, shall be necessary or required.

IV. Notice and Solicitation Procedures.

10. The Committee is authorized to cause to be delivered by e-mail or first class mail the solicitation package (the "Solicitation Package"), by **[June 20, 2011]** (the "Solicitation Date"), to all parties in interest, including the Debtor, the U.S. Trustee, the Levites Secured Creditors, VNB, all holders of equity interests in the Debtor, all persons who have filed proofs of claim in the Debtor's case, all persons who have requested special notice in the Debtor's case pursuant to Rule 2002 of the Bankruptcy Rules, the Internal Revenue Service, the Secretary of State of New York, the Securities and Exchange Commission, any entity that has filed with the Court a notice of transfer of a claim under Bankruptcy Rule 3001(e) on or prior to [**May 26, 2011**,] and all persons or entities listed in the Debtor's schedules, the following documents:

(a) Notice of (I) Approval of Disclosure Statement; (II) Hearing Confirmation of the Plan and Procedures for Objecting Thereto; (III) Procedures and Deadline for Voting on the Plan; and (IV) Granting Related Relief (the "Notice of Hearing and Procedures"), substantially in the form annexed to the Motion as Exhibit 2.

(b) The (i) Plan and (ii) Disclosure Statement;

(c) A ballot, substantially in the form annexed to the Motion as Exhibit 3; and

(d) Such other materials as the Court may direct.

11. The notice in the time and manner set forth above shall be adequate and sufficient notification of the information contained therein to all creditors and other parties in interest, and no further notice shall be necessary or required.

12. The Committee is excused from re-mailing Solicitation Packages or any further

notices or documents of any kind, as the case may be, to those persons and entities whose addresses differ from the addresses in the claims register or the Debtor's petition and schedules as of the Solicitation Date. The Committee is not required to seek to locate any more current addresses for, or re-serve, any persons or entities to which any mailing is returned because the addressed recipient has moved.

13. The Confirmation Hearing may be adjourned from time to time by the Court without further notice to parties in interest other than by announcement in open Court, or by notation on the official public docket of the Court of the date of the Confirmation Hearing.

V. Ballots and Voting Procedures.

14. The form ballot substantially in the form annexed to the Motion as Exhibit 3 (the "Ballot"), is approved for distribution to the known holders of claims as of the Solicitation Date in Classes which are entitled to vote to accept or reject the Plan.

15. In order to be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed and delivered by the creditor or interest holder, by U.S. Mail, courier or overnight delivery by a nationally recognized carrier, to Westerman Ball Ederer Miller & Sharfstein, LLP ("Committee's Counsel"), so that such Ballot is received by the Committee's Counsel by no later than 5:00 p.m. (prevailing Eastern Time) on **[July 15, 2011]** (the "Voting Deadline"), at the following address:

> The Official Committee of Unsecured Creditors of
> Zurich Associates, Ltd.
> c/o Westerman Ball Ederer Miller & Sharfstein, LLP
> 1201 RXR Plaza
> Uniondale, New York 11556
> Attn.: Thomas A. Draghi, Esq.

16. Solely for the purpose of voting to accept or reject the Plan and not for the purpose of allowance of or distribution on account of a claim, and without prejudice to the rights of the Debtor, the Committee and the Plan Administrator in any other context, each claim within

a class of claims entitled to vote to accept or reject the Plan be, and it hereby is, temporarily allowed in an amount equal to the lesser of (a) the amount of such claim as set forth in the Debtors' Schedules, (b) the amount of such claim as set forth in a timely filed proof of claim, and (z) the amount fixed by order of the Court; provided, however, that:

(i) If a claim is deemed allowed in accordance with the Plan, such claim shall be allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(ii) If a claim is listed in the Schedules as contingent, unliquidated, or disputed and/or a proof of claim was not (x) filed by the bar date for the filing of proofs of claim against the Debtor established by the Court or (y) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Committee has consented in writing, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c); and

(c) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

17. Any claimant that challenges the allowance of its claim for voting purposes pursuant to the foregoing decretal paragraph of this Order shall serve upon the Notice Parties (as defined above), and file with the Court (with a copy to Chambers), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for purposes of voting to accept or reject the Plan, which motion must be filed and served so that a hearing on such motion may occur not less than two (2) business days prior to the Confirmation Hearing.

18. In tabulating the Ballots, the following additional procedures shall be utilized: (a) any Ballot that is properly completed, executed and timely returned to Committee's Counsel but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan or a conditional acceptance of the Plan, shall be deemed a vote to accept the Plan; (b) if no votes to accept or reject the Plan are received with respect to a particular class, such class shall be deemed to have voted to accept the Plan; (c) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the latest dated Ballot received before

6

the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots, and if conflicting Ballots arrive on the same date, the one accepting the Plan shall be counted; and (d) creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their votes within a particular class, thus, a Ballot (or a group of Ballots) within a particular class received from a single creditor that partially rejects and partially accepts the Plan shall be deemed to have been cast to accept the Plan.

19. Except as otherwise provided in this Order, for purposes of determining whether the numerosity and claim amount requirements of Section 1126(c) of the Bankruptcy Code have been satisfied, only Ballots cast by the Voting Deadline will be counted.

20. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (a) any Ballot received after the Voting Deadline unless the Committee shall have granted in writing an extension of the Voting Deadline with respect to such ballot; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (d) any Ballot cast for a claim scheduled as unliquidated, contingent, or disputed for which no proof of claim was timely filed; (e) any unsigned Ballot; and (f) any Ballot transmitted to the Committee's Counsel by facsimile.

Dated: Brooklyn, New York
      **[June 13, 2011]**