**Exhibit 2 - Notice**

WESTERMAN BALL EDERER MILLER
   & SHARFSTEIN, LLP
Thomas A. Draghi, Esq.
Mickee M. Hennessy, Esq.
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200

*Attorneys for the Official Committee of
Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                                Chapter 11

ZURICH ASSOCIATES, LTD.,

                                                Case No. 11-40145-JBR

                   Debtor.
-------------------------------------------------------X

**NOTICE OF (I) APPROVAL OF THE DISCLOSURE STATEMENT; (II) HEARING ON CONFIRMATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PLAN OF LIQUIDATION AND PROCEDURES FOR OBJECTING THERETO; AND (III) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN**

PLEASE TAKE NOTICE that:

    1.    On May 26, 2011, the Official Committee of Unsecured Creditors (the "**Committee**") of Zurich Associates, Ltd., the debtor and debtor in possession, filed the Committee's Plan of Liquidation, dated May 26, 2011 (as such plan may be supplemented or amended, the "**Plan**"),[1] and the Committee's Disclosure Statement dated May 26, 2011 prepared in Connection the Plan (as it may be supplemented or amended, the "**Disclosure Statement**").

    2.    On May 26, 2011, the Committee filed a motion (the "**Motion**") for entry of an order (A) approving the Disclosure Statement; (B) scheduling a hearing to consider confirmation of the Plan; (C) establishing procedures for solicitation and tabulation of ballots; and (D) granting related relief.

---

[1]     Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Plan. The Plan is referred to as Exhibit A to the Disclosure Statement, but is being provided to you as a separate, stand alone document and, as such, will not also be annexed to the Disclosure Statement.

3. On **[June 13, 2011]**, the Court entered an order approving the Motion (the "**Order**"), in accordance with which you are receiving a copy of the Disclosure Statement and the Plan and certain other materials relating to the solicitation of creditors' votes to accept or reject the Plan.

4. **Confirmation Hearing**. A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will take place on **[July 18, 2011 at 2:00 p.m.]** (prevailing Eastern Time) in the Courtroom of The Honorable Joel B. Rosenthal, located at the United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201 (the "**Court**"). The Confirmation Hearing may be continued from time to time by the announcement of such continuance in open court or posting on the docket for the Debtor's case without further notice, and the Plan may be modified, if necessary, pursuant to 11 U.S.C. § 1127 prior to, during, or as a result of, the Confirmation Hearing, without further notice to interested parties.

5. **Ballot Due Date**. If you hold a claim against or interest in the Debtor and are entitled to vote to accept or reject the Plan, you have received with this Notice a ballot form and voting instructions appropriate for your claim. For your vote to accept or reject the Plan to be counted, you must complete all required information on the ballot, execute the ballot, and return the completed ballot to the Committee's counsel, Westerman Ball Ederer Miller & Sharfstein, LLP, 1201 RXR Plaza, Uniondale, New York 11556, Attn.: Thomas A. Draghi, Esq. **by 5:00 p.m. (prevailing Eastern Time), on [July 15, 2011]**. Any failure to follow the voting instructions included with the ballot may disqualify your ballot and your vote.

6. Classes 2 (Levites Secured Claims), 3 (VNB Secured Claims), 5 (General Unsecured Claims), and 6 (Interests) are all Impaired under the Plan and are entitled to vote on the Plan. Classes 1 (Real Estate Tax Claims) and 4 (Priority Claims) are Unimpaired under the Plan and are not entitled to vote on the Plan. If you disagree with the Committee's classification of your claim, then you must serve on the Notice Parties (as defined in paragraph 7 below) and

file with the Court a motion for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "**Rule 3018(a) Motion**") temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Bankruptcy Rule 3018(a) Motions must be filed and served so that a hearing on such motion may be held by no later than on or before three (3) Business Days before the Confirmation Hearing.

7. **Objections to Plan Confirmation**.  Objections, if any, to confirmation of the Plan must (a) be in writing, (b) state the name and address of the objecting party and the nature of the claim or interest of such party, (c) state with particularity the bases and nature of any objection or proposed modification, and (d) be filed electronically by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Honorable Robert E. Grossman) and served **so that they are received no later than 5:00 p.m. (prevailing Eastern Time), on [July 11, 2011]** by the following:

>Counsel to the Committee:
>
>Westerman Ball Ederer Miller & Sharfstein, LLP
>1201 RXR Plaza
>Uniondale, New York 11556
>Attn.:  Thomas A. Draghi, Esq.
>
>Counsel to the Debtor:
>
>Harvey Cavayero, Esq.
>Harvey J. Cavayero & Associates
>57 Old Country Road, 2nd Floor
>Westbury, New York 11590
>
>Counsel to the Levites Secured Creditors:
>
>Moses & Singer LLP
>The Chrysler Building
>405 Lexington Avenue
>New York, New York 10174-1299
>Attn.:  Mark N. Parry, Esq.

Counsel to VNB New York Corp.

Jerold C. Feuerstein, Esq.
Kriss & Feuerstein LLP
360 Lexington Avenue
New York, NY 10017

- and -

Office of the United States Trustee:

Office of the United States Trustee
Eastern District of New York
271 Cadman Plaza East, Suite 4529
Brooklyn, NY 11201
Attn:   Jacqueline Frome, Esq.

(collectively, the "**Notice Parties**").  Objections that do not comply with the foregoing, or which are not timely filed and served before the Objection Deadline, will not be considered and shall be deemed waived and/or overruled.

8. Any holder of a claim that (a) is scheduled in the Debtor's Schedules, or any amendment thereof, at zero or in an unknown amount or as disputed, contingent, or unliquidated, and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Bankruptcy Court, or otherwise deemed timely filed under applicable law, or (b) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such claim for purposes of (i) receiving notices regarding, or distributions under, the Plan, or (ii) voting on the Plan.

9. PLEASE TAKE NOTICE THAT THE PLAN, AMONG OTHER THINGS, PROVIDES FOR:  **Injunction, release and discharge pursuant to Sections 12.1, 12.2 and 12.3 of the Plan, which shall act as an injunction against any Entity commencing or continuing any action, employment of process, or act to collect, offset or recover any Claim or Causes of Action satisfied, released or discharged under the Plan (capitalized terms are defined in the**

**Plan). The injunction, discharge and releases described in sections 12.1, 12.2 and 12.3 of the Plan shall apply regardless of whether or not a proof of Claim or Interest based on any Claim, debt, liability or Interest is filed or whether or not a Claim or Interest based on such Claim, debt, liability or Interest is Allowed, or whether or not such Entity voted to accept to reject the Plan. Without in any way limiting the foregoing, all injunctions or stays entered in these Chapter 11 Cases and existing immediately prior to the Confirmation Date shall remain in full force and effect until the Effective Date.**

12. **<u>Best Interests Test</u>**. The Committee believes that Holders of Class 5 General Unsecured Claims are likely to receive more under the Plan than they would receive under a Chapter 7 liquidation. The Committee also believes the Plan is fair and equitable and, as noted above, urges all creditors and Interest Holders to vote to accept the Plan.

Submitted by:

WESTERMAN BALL EDERER MILLER
 & SHARFSTEIN, LLP

Thomas A. Draghi, Esq.
Mickee M. Hennessy, Esq.
1201 RXR Plaza
Uniondale, New York 11556

*Attorneys for the Official Committee of Unsecured Creditors of Zurich Associates, Ltd.*

00466716.DOC